**THORPE SHWER, P.C.**
Bradley D. Shwer (No. 022696)
Ryan S. Patterson (No. 024753)
3200 North Central Avenue, Suite 1560
Phoenix, Arizona 85012-2441
Telephone: (602) 682-6100
Email: docket@thorpeshwer.com
Email: bshwer@thorpeshwer.com
Email: rpatterson@thorpeshwer.com
Email: mshanahan@thorpeshwer.com

**Attorneys for Defendant Lyft, Inc.**

# IN THE UNITED STATES DISTRICT COURT

# FOR DISTRICT OF ARIZONA

| | |
|---|---|
| Alexandra Lee Harris and James Leo Harris<br><br>Plaintiffs,<br><br>v.<br><br>Valentino Satoshi Vanderbilt A.K.A. Jeddidiah Schulz and Nuria Vanderbilt, spouses; Lyft, Inc., a Delaware corporation; John Does 1-5; Jane Does 1-5;<br><br>Defendants. | NO.<br><br>NOTICE OF REMOVAL<br><br>(Assigned to the Honorable _____) |

Defendant Lyft, Inc. ("Lyft") pursuant to 28 U.S.C. §§ 1332(a), 1441(a-b) and 1446, hereby removes this civil action to the United States District Court for the District of Arizona from the Superior Court of the State of Arizona in and for the County of Maricopa. The specific grounds for removal are as follows:

## I. OVERVIEW

1. This matter was commenced by Complaint filed December 21, 2022 in the Superior Court of the State of Arizona in and for the County of Maricopa, captioned *Alexandra Lee Harris & James Leo Harris v. Valentino Satoshi Vanderbilt and Nuria*

9335780

*Vanderbilt; Lyft, Inc.; John Does 1-5; Jane Does 1-5*, Case No. CV2022-016907 (the "State Court Action"). A true and correct copy of the Complaint is attached hereto as **Exhibit 1**.

2. Lyft was served with the Complaint on December 29, 2022.

3. True and correct copies of the remaining documents filed in the State Court Action, including the Summons, Certificate of Compulsory Arbitration, and Civil Cover Sheet are attached hereto collectively as **Exhibit 2**.

4. A true and correct copy of the state court docket is attached as **Exhibit 3**.

5. There have been no further proceedings and no additional pleadings or documents filed or served upon Lyft in the State Court Action.

6. This is a civil action in which Plaintiff Alexandra Lee Harris alleges that Defendant Valentino Satoshi Vanderbilt assaulted her. Her husband, Plaintiff James Leo Harris, claims to have suffered loss of consortium due to the alleged assault.

7. Plaintiffs asserts the following claims: (1) Battery (2) Intentional Infliction of Emotional Distress; 3) Negligent Infliction of Emotional Distress; and (4) Negligent Hiring/Supervision/Retention.

8. The Complaint alleges that this matter should be assigned to Tier 3 pursuant to Ariz. R. Civ. P. 26.2(c)(3), meaning Plaintiffs are seeking more than $300,000 in damages. See Ex. 1 at ¶¶ 14-15.

## II.    REMOVAL IS TIMELY

9. Pursuant to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

10. Lyft accepted service through its registered agent, CT Corporation System, in Phoenix, Arizona on December 29, 2022. Ex. 2.

11. Removal is therefore timely in accordance with 28 U.S.C. § 1446(b).

2

9335780

### III. CONSENT TO REMOVAL

12. This Notice of Removal is proper under 28 U.S.C. § 1446.

13. 28 U.S.C. § 1446(b)(2)(A) states, "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." This is commonly referred to as the "rule of unanimity."

14. However, "[a]n exception to the rule of unanimity applies where less than all defendants have been served at the time of removal. In such a case, for removal to be proper, it is held that only the defendants served at the time of removal need join, or consent to, the notice of removal." *Wolfe v. Green*, 660 F. Supp. 2d 738 (S.D. W.Va. 2009).

15. Further, "[a] Notice of Removal filed by less than all defendants 'is considered defective if it does not contain an explanation for the non-joinder of those defendants.'" *Klein v. Manor Healthcare Corp.*, 19 F.3d 1433 n. 8 (6th Circ. 1994) (*quoting Hicks v. Emery Worldwide, Inc.*, 254 F. Supp. 2d 968, 972-73 (S.D. Ohio 2003)).

16. Upon information and belief, as of the date of this Notice of Removal, the above-named Defendants, Valentino Satoshi Vanderbilt and Nuria Vanderbilt, John Does 1-5 and Jane Does 1-5, have not been served and therefore cannot consent to this Notice of Removal.

17. Based on 28 U.S.C. § 1446(b)(2)(A), and relevant case law, this Notice of Removal is valid.

### IV. BASIS FOR REMOVAL

**A. COMPLETE DIVERSITY**

18. The United States District Court has original jurisdiction over this litigation filed in state court pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441 because complete diversity of parties exists.

19. 28 U.S.C. § 1332(a)(1) states "The district courts shall have original jurisdiction of all civil actions where the matter in controversy . . . is between citizen of different states . . .." (emphasis added).

3

9335780

20. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated of the State or foreign state where it has its principal place of business . . . ." See U.S.C. § 1332(c)(1).

21. Moreover, "it is well established law that the jurisdiction of a federal court sitting in diversity is determined as of the time of filing of the complaint." *Dole Food Co. v. Patrickson*, 538 U.S. 468, 478, 123 S. Ct. 1655, 1662, 155 L.Ed.2d 643, 654 (2003); see also *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002) (complete diversity is determined and must exist "as of the time the complaint is filed and removal is effected.").

22. Lyft is a Delaware corporation with its principal place of business in California. Therefore, Lyft is a citizen only of California and Delaware.

23. According to the Complaint, both Plaintiffs are citizens of Arizona. See Ex. 1 at ¶ 1- 2.

24. Upon information and belief, Defendants Valentino and Nuria Vanderbilt were not Arizona citizens at the time of the filing of the Complaint.

25. According to a witness interviewed by the Chandler Police Department, Valentino Vanderbilt was only passing through Arizona, and he did not reside at the apartment where he was staying in Arizona. According to the witness, Mr. Vanderbilt was possibly in Texas, Colorado, or California. The relevant excerpts of the Chandler Police Report is attached hereto as **Exhibit 4**.

26. Previous criminal records indicate that Valentino Vanderbilt previously resided in Nevada and California. See Ex. 4.

27. Similarly, previous records indicate that Nuria Vanderbilt was previously a resident of Nevada and then California. Id. Plaintiffs' Complaint alleges upon information and belief that Nuria Vanderbilt is a resident of the state of Nevada. Ex. 1 ¶ 7

28. 28 U.S.C. § 1441(b)(1) states "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."

THORPE SHWER, P.C.

29. Because Lyft and Valentino and Nuria Vanderbilt are not citizens of the same state as Plaintiffs, there is complete diversity between Plaintiffs and Defendants.

### B. AMOUNT IN CONTROVERSY EXCEEDS $75,000

30. Federal courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs . . .." See 28 U.S.C. § 1332(a).

31. Plaintiffs claim that on or about September 17, 2022, Defendant Valentino Vanderbilt sexually assaulted her. See generally Ex. 1.

32. Plaintiffs' Complaint further alleges that she has experienced pain and suffering, mental and emotional anguish, and a general decrease in quality of life, and that she believes that her injuries are permanent and will have residual effect. Ex. 1 at ¶¶ 231 – 233.

33. Plaintiffs further allege that they will be seeking punitive damages against Defendants. Ex. 1. at ¶ 182.

34. Plaintiffs' Complaint asserts that this matter is designated as a tier 3 case pursuant to Ariz. R. Civ. P. 26.2(c)(3), meaning she is seeking more than $300,000 in damages.

35. Therefore, pursuant to 28 U.S.C. §§ 1332(a) and 1332(a)(1) this Honorable Court has jurisdiction over this action because it is a civil action under which complete diversity of citizenship exists between Plaintiffs and Defendants and the amount in controversy exceeds $75,000.

### V. VENUE

36. 28 U.S.C. § 1441(a) reads, "Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

37. Because this Honorable Court has original jurisdiction over this matter, and

5

9335780

the Superior Court of the State of Arizona in and for the County of Maricopa sits in this Honorable Court's jurisdiction, venue in the United States District Court for the District of Arizona is appropriate under 28 U.S.C. § 1441(a).

### VI.   FULL COMPLIANCE

38.   Pursuant to 28 U.S.C. § 1446(d), Defendant Lyft is filing this Notice of Removal with the clerk for the state court in which this State Court Action was originally filed. Copies of the Notice to the Superior Court of the State of Arizona for the County of Maricopa, together with this Notice of Removal with exhibits, are being served upon all parties through their attorneys of record pursuant to 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendant Lyft, Inc. hereby removes the State Court Action to United States District Court for the District of Arizona to assume full jurisdiction over this action as provided by law.

RESPECTFULLY SUBMITTED this 27th day of January 2023.

**THORPE SHWER, P.C.**

By */s/ Bradley D. Shwer*
 Bradley D. Shwer
 Ryan S. Patterson
 Attorneys for Defendant Lyft, Inc.

9335780

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of January, 2023, the foregoing document was electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing, to the following CM/ECF registrants:

Bartlet A. Brebner, Esq.
THE BREBNER LAW FIRM, P.C.
4647 North 32nd Street, Ste.285
Phoenix, AZ  85018
bbrebner@brebnerlaw.com
Attorney for Plaintiffs

/s/   *Joan Peralta*
Legal Assistant

7

9335780