**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alexandra Lee Harris, et al., | No. CV-23-00185-PHX-ROS |
| Plaintiffs, | **ORDER** |
| v. | |
| Valentino Satoshi Vanderbilt, et al., | |
| Defendants. | |

Plaintiff Alexandra Lee Harris alleges Defendant Valentino Satoshi Vanderbilt ("Vanderbilt")[1] sexually assaulted her on September 17, 2022, in Chandler, Arizona, after providing her a ride as a driver for Defendant Lyft, Inc. ("Lyft"). After Alexandra and her spouse James Leo Harris filed their complaint in state court, Defendant Lyft removed this case to federal court by alleging diversity jurisdiction. Plaintiffs now seek remand, arguing diversity of citizenship does not exist. (Doc. 12). For the reasons below, the case will be remanded to state court.

**I.      Legal Standard**

Federal courts are courts of limited jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Accordingly, "the presumption is that it is without jurisdiction unless the contrary affirmatively appears." *Fifty Assocs. V. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970) (citing *Grace v. Am. Central Ins. Co.*, 109 U.S. 278 (1883)).

---

[1] The complaint alleges two possible names for this Defendant, the other being Jeddidiah Schulz; for the sake of clarity, the Court will refer to him as Vanderbilt.

Diversity jurisdiction requires (1) all plaintiffs have different citizenship than all defendants, and (2) the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a). A natural person's citizenship is determined by his state of domicile, not his state of residence. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A domicile is a "permanent home," where someone "resides with the intention to remain or to which [he] intends to return." *Id.*

Diversity should "generally be determined from the face of the complaint." *Miller v. Grgurich*, 763 F.2d 372, 372 (9th Cir. 1985). A federal court's jurisdiction on the basis of diversity is determined by the citizenship of the parties at the time of filing the complaint or at the time of removing the case to federal court. *See Miller*, 763 F.2d at 372; *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). In the Ninth Circuit, jurisdiction may generally be pleaded upon information and belief where the parties' citizenship is not readily ascertainable. *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014); *Thorsen v. Enter. Leasing Co. of Phoenix, LLC*, 2020 WL 8812769, at *1 (D. Ariz. June 18, 2020). However, the party invoking federal jurisdiction always "has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removing party must demonstrate jurisdiction "by a preponderance of the evidence." *Sundve v. Costco Wholesale Corp.*, 2019 WL 2515967, at *1 (D. Ariz. June 18, 2019). There is a presumption against removal jurisdiction. *See id.*

## II. Background

Plaintiffs allege Vanderbilt picked Alexandra Harris ("Harris") up as a driver for Lyft, but instead of driving her to her home as requested, he drove her to a different residence and sexually assaulted her while she was unconscious. (Doc. 1-3 at 13-15). This incident allegedly occurred on the evening of September 17, 2022. (Doc. 1-3 at 11).

The present motion concerns the citizenship of Vanderbilt, who allegedly perpetrated the assault. Plaintiffs allege, on information and belief, Defendant Vanderbilt is a "resident of Arizona." Because Plaintiffs are domiciled in Arizona, complete diversity

would be destroyed if Vanderbilt was a citizen of Arizona at the time of removal. *See Miller*, 763 F.2d at 372. Plaintiffs filed suit in state court on December 21, 2022, and Lyft removed the case to federal court on January 27, 2023. (Doc. 1-3 at 37; Doc. 1). Lyft asserted diversity jurisdiction pursuant to 28 U.S.C. § 1332, and alleged "[u]pon information and belief" that Vanderbilt was not an Arizona citizen at the time of filing the complaint. (Doc. 1 at 4). Lyft did not affirmatively allege Vanderbilt's citizenship. Plaintiffs have filed a motion to remand the case to state court, challenging only the citizenship of Vanderbilt.[2]

Neither party can affirmatively declare with certainty which state Vanderbilt was a citizen of at the time of filing the lawsuit. (*See* Doc. 15 at 4). Indeed, Vanderbilt has not yet appeared as a defendant in this case, nor has he been served. However, each party offers various facts about Vanderbilt to support their arguments. A brief recitation of these facts, in chronological order, asserted by both parties will guide the Court's analysis.

On May 21, 2022, Vanderbilt was arrested for child cruelty after authorities responded to a disturbance at what seems to have been his home in Apple Valley, California. While there, authorities discovered a child apparently living with over 50 other animals, sleeping in a closet on bedding soaked with cat urine. (Doc. 1-3, Ex. B, at 41-43) (May 25, 2022 news article attached to Plaintiffs' complaint).

On June 13, 2022, Vanderbilt pleaded no contest and was sentenced in California to probation for Willful Cruelty to Child. (Doc. 1-3, Ex. E, at 58-60).

On June 17, 2022, Vanderbilt posted an online fundraiser saying he was "homeless" and that he "need[ed] cash to retain a legal team and get another home." (Doc. 1-3, Ex. D, at 47-57). That fundraiser referred to the Apple Valley, California house as his previous home. (*Id.*)

On August 4, 2022, Vanderbilt obtained an Arizona Driver's License, listing an address in Scottsdale, Arizona.

On September 17, 2022, the alleged assault took place. The police report

---

[2] Plaintiffs make no argument about the citizenship of the other defendants or about the amount in controversy.

summarizing the investigation into the assault lists Vanderbilt's address in Chandler, Arizona. (Doc. 17-3 at 2). The police report further reads:

> "I went to [the address in Chandler] and contacted Jana Treglown who informed me that Valentino [Vanderbilt] left Arizona and may possibly be in San Antonio, Texas. Jana stated Valentino [Vanderbilt] could also be in Colorado or California. Jana further informed me that Valentino [Vanderbilt] had only been in town for a few days and was not their roommate as he stated. Jana described Valentino [Vanderbilt] as a 'compulsive liar.'"

(Doc. 12-3 at 3). This interview seemingly took place on October 4, 2022. (*Id.* at 2-3).

From September 2018 through September 2024, Vanderbilt's Tesla has been and currently is registered in the state of Arizona. (Doc. 17-4). Plaintiffs note Lyft does not provide any additional data, records, or evidence presumably in their possession about Vanderbilt, including, e.g., his application to be a driver, any addresses it has on file, Vanderbilt's trip history and ride locations while working on the application, or banking information. (Doc. 17 at 3-4).

On December 21, 2022, Plaintiffs filed suit in state court.

### III. Discussion

"Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter*, 265 F.3d at 857. *See also Robichaux v. Fidelity Nat. Ins. Co.*, 2013 WL 356902, at *2 (D. Ariz. Jan. 29, 2013) (remanding case where defendants failed to affirmatively allege citizenship of other defendants); *Ortega v. Zones. Inc.*, 2021 WL 2646903, at *2 (C.D. Cal. June 25, 2021) (same). Defendant Lyft cannot do so. (Doc. 15 at 4). Instead, Lyft argues this case presents "unusual circumstances," as contemplated by the Ninth Circuit in *Kanter*, which renders it unnecessary for them to affirmatively allege Vanderbilt's citizenship. But in *Kanter* itself, the defendants' removal did not affirmatively allege the citizenship of some of the defendants, which the district court held and the Ninth Circuit agreed "was fatal to Defendants' assertion of diversity jurisdiction." 265 F.3d at 858.

And the cases Lyft cites do not help its argument that this case presents "unusual

circumstances" allowing an exception to the general rule. For example, Lyft cites a Ninth Circuit case for the proposition that "unusual circumstances" included a situation where the plaintiff could not determine the defendants' citizenship based on public information, so it was sufficient to plead diversity on information and belief. *Carolina Cas. Ins. Co.*, 741 F.3d at 1087. But in that case, the plaintiff did not have access to the "information necessary to establish the diversity of the parties' citizenship," because it was "within the defendants' control." *Id.* That situation is distinguishable from here, where neither Plaintiffs nor Lyft are able to affirmatively allege Vanderbilt's citizenship, and where Lyft bears the burden to so demonstrate. Lyft also cites to a Third Circuit case relied on by the *Carolina* court. In that case, the Third Circuit affirmed removal where the defendants alleged that another defendant, who had not yet appeared in the matter, was "not a citizen" of the relevant state upon information and belief, as opposed to affirmatively alleging his state citizenship. *Lewis v. Rego Co.*, 757 F.2d 66, 68-69 (3rd Cir. 1985). However, in that case, the information relied upon in the removal notice was gathered from the missing defendant himself; the Third Circuit held that "[t]he effectiveness of the removal petition was not vitiated by the fact that in an abundance of caution it characterized the information about [the defendant's] citizenship as being based on information and belief." *Id.* at 69. That is fundamentally different from the situation here.

As already stated, Lyft bears the burden to show, by a preponderance of the evidence, that diversity exists. Lyft did not meet its burden. Lyft argues there is evidence that Vanderbilt was domiciled in California through summer 2022, and that the "presumption of continuing domicile" means that once established, Vanderbilt's domicile continues "until it is shown to have been changed." *Mitchell v. United States*, 88 U.S. 350, 353 (1874). It is true that a domicile exists until a new one is acquired. *See Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). However, Lyft's evidence of "domicile" is quite weak. Lyft argues Vanderbilt was arrested in California in May 2022. Also, in June 2022, Vanderbilt described California as his "home." That evidence may establish residence but does not necessarily establish "domicile."

Even accepting Lyft's evidence, there is evidence Vanderbilt changed his domicile from California to Arizona in late summer 2022. In June 2022, Vanderbilt indicated online that he was "homeless," he got a driver's license in Arizona in August 2022, and he physically resided for at least some period of time in Arizona in September 2022. While that may not be enough, standing alone, to definitively prove Vanderbilt's domicile is Arizona, it is enough to undermine Lyft's argument that Vanderbilt remains a citizen of California. Accordingly, Lyft has not met its burden to demonstrate complete diversity of citizenship by a preponderance of the evidence. The motion to remand will be granted.

### IV. Costs and Fees

Plaintiffs seek an award of reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). An award of fees under that statute is available only where "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Removal is "not objectively unreasonable solely because the removing party's argument slack merit." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). To determine whether an objectively reasonable basis for seeking removal exists, the Court considers whether the basis for removal asserted was "clearly foreclosed." *Id.* at 1066.

The Court will not award costs and attorney's fees under 28 U.S.C. § 1447(c). While the Court ultimately disagreed with Lyft's arguments, Lyft's assertion of diversity was not "clearly foreclosed," as Vanderbilt's citizenship is unknown and unclear. Both parties' arguments were legitimate and based in applicable law.

Accordingly,

…

…

…

…

…

…

**IT IS ORDERED** the Motion to Remand (Doc. 12) is **GRANTED**. Plaintiffs' request for costs and fees pursuant to 28 U.S.C. § 1447(c) is denied.

Dated this 21st day of March, 2023.

_____
Honorable Roslyn O. Silver
Senior United States District Judge